UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:20-cv-11630

MARIA DACOSTA,
        Plaintiff,

v.

BROCKTON HOSPITAL, INC. and
SIGNATURE HEALTHCARE
CORPORATION,
        Defendants.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Brockton Hospital, Inc. and Signature Healthcare Corporation, hereby file this Notice of Removal of this action from the Superior Court of the Commonwealth of Massachusetts, Bristol County (the "Superior Court") to the United States District Court for the District of Massachusetts.  In support of removal, Defendants state as follows:

1.      On or about July 28, 2020, Plaintiff, Maria daCosta, commenced a civil action against Defendants in the Bristol Superior Court captioned: Maria daCosta v. Brockton Hospital, Inc., d/b/a Signature Healthcare Brockton Hospital and Signature Healthcare Corporation, Case No. 2073CV00488.

2.      On or about August 14, 2020, Defendants became aware of Plaintiff's filing of the Complaint in the Superior Court.

3.      On or about August 17, 2020, Defendants received service of the Complaint.

4.      Accordingly, this Notice of Removal is being filed within the time period required by law, as set forth in 28 U.S.C. § 1446(b).

5.      As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders upon which service was made on Defendants are attached to this Notice as **Exhibit A**.

6.      This action arises out of the former employment relationship between Plaintiff and Brockton Hospital, Inc.  In her Complaint, Plaintiff asserts that Defendants discriminated against her on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and sex and national origin, both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII"). Plaintiff also alleges violations of state law, M.G.L. c. 151B, § 4, with respect to discrimination based on her age, disability, sex, and national origin, as well as worker's compensation retaliation under M.G.L. c. 152, § 75B.

7.      Because Plaintiff has asserted claims for violation of the ADEA, ADA, and Title VII, this action involves a federal question and, therefore, this Court has original jurisdiction over this matter under the provisions of 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(a), this action is removable to this Court without regard to the citizenship or residence of the parties.

8.      This Court also has supplemental jurisdiction under the provisions of 28 U.S.C. § 1367 to hear Plaintiff's state-law claims which are related to, and form part of the same case and controversy as, Plaintiff's claims under these federal statutes. Therefore, the entire case may be removed to this Court.

WHEREFORE, Defendants respectfully request that the above-referenced action now pending against it in the Superior Court of the Commonwealth of Massachusetts, Bristol County, be removed therefrom to this Court.

Respectfully submitted,

**BROCKTON HOSPITAL, INC.,
and SIGNATURE HEALTHCARE
CORPORATION,**

By their attorneys,


 /s/ Reid M. Wakefield, Esq.
Jonathan R. Sigel, BBO # 559850
Reid M. Wakefield, BBO #569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
Phone: 508.860.1474
Fax:    508.983.6261
jsigel@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated: September 1, 2020


<u>CERTIFICATE OF SERVICE</u>

I, Reid M. Wakefield, hereby certify that I have this day served a copy of the foregoing document by mailing a copy, first class mail, postage prepaid, to Scott W. Lang, Esq., Lang, Xifaras & Bullard, 115 Orchard Street, New Bedford, MA 02740.


/s/ Reid M. Wakefield, Esq.
Reid M. Wakefield

Dated: September1, 2020

**<u>EXHIBIT A</u>**

## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2073CV00488

MARIA DACOSTA _____, PLAINTIFF(S),

v.

BROCKTON HOSPITAL, INC. D/B/A
SIGNATURE HEALTHCARE BROCKTON _____, DEFENDANT(S)
HOSPITAL and SIGNATURE HEALTHCARE CORPORATION

### SUMMONS

THIS SUMMONS IS DIRECTED TO Brockton Hospital, Inc. D/B/A _____ (Defendant's name)
Signature Healthcare Brockton Hospital, 680 Centre St.,
**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint
Brockton, MA 02302
filed against you is attached to this summons and the original complaint has been filed in the Bristol County Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.** Superior - New Bedford

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the
case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity
to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter
with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from
the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to
Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by: Bristol County Superior-
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, New Bedford _____ Court,
   **441 County St., 1st Flr., New Bedford, MA 02740** (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
   Scott W. Lang, Esq., Lang, Xifaras & Bullard, 115 Orchard St., New Bedford, MA 02740

3. **What to include in your response.** An "**Answer**" is one type of response to a Complaint. Your Answer must
state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses,
called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If
you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or
transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may
lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a
jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you
must send to the other side and file with the court no more than 10 days after sending your Answer. You can also
respond to a Complaint by filing a "**Motion to Dismiss,**" if you believe that the complaint is legally invalid or
legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under
**Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for
"Civil Motions" described in the rules of the Court in which the complaint was filed, available at
www.mass.gov.courts/case-legal-res/rulesofcourt.

## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2073CV00488

MARIA DACOSTA _____, PLAINTIFF(S),

v.
BROCKTON HOSPITAL, INC. D/B/A
SIGNATURE HEALTHCARE BROCKTON
HOSPITAL and SIGNATURE HEALTHCARE CORPORATION DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Signature Healthcare Corporation _____. (Defendant's name)
680 Centre St., Brockton, MA 02302

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol County Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**   Superior – New Bedford

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:   Bristol County Superior–
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, New Bedford _____ Court, 441 County St., 1st Flr., New Bedford, MA 02740 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Scott W. Lang, Esq., Lang, Xifaras & Bullard, 115 Orchard St., New Bedford, MA 02740

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rulesofcourt.

COMMONWEALTH OF MASSACHUSETTS

Bristol, ss.

MARIA DACOSTA
Plaintiff

vs.

BROCKTON HOSPITAL, INC. D/B/A
SIGNATURE HEALTHCARE BROCKTON
HOSPITAL and SIGNATURE
HEALTHCARE CORPORATION
Defendants

Superior Court Department
Civil Action No.

**VERIFIED COMPLAINT**

## Parties

1. The Plaintiff, Maria daCosta, is an adult individual residing at 84 Forest Avenue, Somerset, Bristol County, Massachusetts.

2. The Defendant Brockton Hospital, Inc. is a Massachusetts corporation with a principal place of business at 680 Centre Street, Brockton, Plymouth County, Massachusetts. The Defendant Brockton Hospital, Inc. does business as Signature Healthcare Brockton Hospital and as Brockton Hospital.

3. The Defendant Signature Healthcare Corporation is a Massachusetts nonprofit corporation with a principal place of business at 680 Centre Street, Brockton, Plymouth County, Massachusetts.

## Jurisdiction

4. This Complaint is brought pursuant to Massachusetts General Laws, Chapter 151B, Section 9, for violations of Massachusetts General Laws, Chapter 151B, § 4(1), (1B), (16), G.L. c. 152, § 75B, the ADA, and the ADEA.   On October 25, 2019, the Plaintiff filed a timely complaint/charge of discrimination with the Massachusetts Commission

Against Discrimination, where it remained pending for a period of more than ninety days, until the filing of this civil action. The requirement for filing with the Massachusetts Commission Against Discrimination having been fulfilled, the Plaintiff is seeking redress in the Superior Court.

5.   All conditions precedent to the filing of this lawsuit have been fulfilled.

**Facts**

6.   On July 16, 2019, the Plaintiff, Maria daCosta, was fifty-nine (59) years-old.

7.   The Plaintiff, Maria daCosta, is a Portuguese-American woman who was born in Portugal, in the Azores.

8.   The Plaintiff, Maria daCosta, is a fluent, bilingual Portuguese and English speaker. She is also a conversational Spanish speaker.

9.   The Plaintiff, Maria daCosta, has extensive experience in interpreter services, including experience managing interpreter services in a hospital setting from November 2006 until July 16, 2019.

10.  The Defendants, Brockton Hospital, Inc. and Signature Healthcare Corporation, operate Brockton Hospital, a hospital located at 680 Centre Street, Brockton, Plymouth County, Massachusetts.

11.  The Defendants each employ more than a hundred persons and are subject to the provisions of Massachusetts General Laws Chapters 151B and 152, the ADA, the ADEA, and 42 U.S.C., § 2000e-2.

12.  From June 4, 2012 until July 16, 2019, the Plaintiff, Maria daCosta, was an employee of Brockton Hospital, Inc. and Signature Healthcare Corporation, who worked as Manager, Interpreter Services at Brockton Hospital.

13.   As Manager, Interpreter Services, the Plaintiff, Maria daCosta, worked full-time ensuring that Brockton Hospital and Signature Medical Group facilities met the needs of patients requiring foreign language and American Sign Language interpreters. The Plaintiff, Maria daCosta, supervised a department of sixteen employees: one full-time secretary, nine full-time interpreters, and six per-diem interpreters. The Plaintiff, Maria daCosta, also ensured that telephone and video interpreting services were available to patients, as needed.

14.   The job description for the Plaintiff, Maria daCosta's former position as Manager, Interpreter Services at Brockton Hospital states that the person filling the position "[m]ust be bilingual; multilingual preferred. Primary second language Spanish, or Portuguese highly desirable...[must have p]revious experience working with linguistic and culturally diverse populations..."

15.   Spanish, Portuguese, Haitian Creole, Cape Verdean Creole, and American Sign Language are the primary languages for which Brockton Hospital provides interpreter services, but the Plaintiff, Maria daCosta, made sure that services were available for patients with other language needs, as well.

16.   As a fluent Portuguese and English speaker, the Plaintiff, Maria daCosta, had a comprehensive understanding of the services provided by Brockton Hospital's Interpreter Services Department and was able to supplement the department's interpreter services, as needed.

17.   Manager, Interpreter Services was a senior-level position, reporting to Brockton Hospital's Director of Patient Access, Jeff Bechen, from June 4, 2012 until December 2013, when Mr. Bechen left Brockton Hospital and Ken Lucas, Director of Revenue, was

assigned to supervise the Plaintiff, Maria daCosta, as Manager, Interpreter Services. In 2014, Interpreter Services was moved from the Finance Department to the Operations Department and Steven Borges, Vice President of Operations, became the Plaintiff, Maria daCosta's supervisor. The Plaintiff, Maria daCosta, reported to Mr. Borges until April 2019.

18.   At all times relevant hereto, the Plaintiff, Maria daCosta, was fully qualified for the position of Manager, Interpreter Services and performed her job as Manager, Interpreter Services at Brockton Hospital competently.

19.   The Plaintiff, Maria daCosta, received favorable performance evaluations throughout her employment at Brockton Hospital.

20.   The Plaintiff, Maria daCosta, regularly received merit-based pay increases as a result of her competent work performance at Brockton Hospital.

21.   During the Plaintiff, Maria daCosta's employment, Brockton Hospital utilized a Lean management model, focused on goal-setting and continuous improvement. The Plaintiff, Maria daCosta, utilized a Lean management model in managing interpreter services and habitually met the goals for her position as Manager, Interpreter Services.

22.   On December 8, 2016, the Plaintiff, Maria daCosta, was performing work for Brockton Hospital at Brockton High School, when a fire alarm went off due to a fire in the building. While the Plaintiff, Maria daCosta, was walking down a stairwell to evacuate the high school, she slipped and fell on a hard stair with a metal edge. The Plaintiff, Maria daCosta, seriously injured her lower back and strained her left foot in the incident.

23.   At all times relevant hereto, the back and foot injuries the Plaintiff, Maria daCosta, sustained on December 8, 2016 and aggravated thereafter, have been work-related

injuries.

24.   Immediately after sustaining her back and foot injuries at Brockton High School, the
      Plaintiff, Maria daCosta, went to Brockton Hospital on December 8, 2016, where she was
      wheeled in for treatment.

25.   The Plaintiff, Maria daCosta's December 8, 2016 injuries rendered her temporarily
      unable to work.

26.   The injuries that the Plaintiff, Maria daCosta, sustained on December 8, 2016 caused her
      great pain and discomfort and substantially interfered with her ability to walk and
      perform manual tasks.

27.   The December 8, 2016 incident in which the Plaintiff, Maria daCosta, injured herself
      caused her to suffer a back injury that has, at all times relevant hereto, caused her and
      will continue to cause her, great pain and discomfort.  The Plaintiff, Maria daCosta's
      back injury has substantially limited, and will continue to substantially limit, one or more
      of her life activities, including but not limited to, sitting, lifting, standing, and performing
      manual tasks; and/or the Defendants have regarded her as having such a limiting back
      impairment.

28.   The Plaintiff, Maria daCosta, missed work for twelve weeks and collected Workers'
      Compensation benefits from Brockton Hospital's self-insured Workers' Compensation
      plan, as a result of her December 8, 2016 injuries.

29.   On or about March 1, 2017, the Plaintiff, Maria daCosta, returned to work on a part-time
      basis, approximately 20-25 hours per week.  She received Workers' Compensation
      benefits for her remaining work hours, due to her continuing injuries.

30.   After the Plaintiff, Maria daCosta's return to work on March 1, 2017, her primary care

physician ordered her to take a week or more off from work on a couple of occasions while she was on a part-time, 20-25 hour per week schedule, due to her continuing injuries and accompanying pain and discomfort.

31. At all times relevant hereto, the Plaintiff, Maria daCosta's back injury has caused her pain and discomfort while sitting and has interfered with her ability to sit for sustained periods of time. At times, she was unable to hide her discomfort.

32. At all times after the Plaintiff, Maria daCosta's return to work for the Defendants, the Defendants' management treated her with impatience when her pain and discomfort were apparent.

33. The Plaintiff, Maria daCosta's primary care physician ordered her to stay home from work between August 16 and August 30, 2017.

34. On August 29, 2017, while the Plaintiff, Maria daCosta, was out on Workers' Compensation leave from work, she picked up her computer case and her back injury was aggravated. As a result of the aggravation of her injury, the Plaintiff, Maria daCosta, remained out of work through December 26, 2017 and received partial Workers' Compensation benefits during that time.

35. While the Plaintiff, Maria daCosta, was out of work, the Defendants informed her by mail of their decision to obtain temporary management coverage for interpreter services through their affiliation with Sodexo Corporation. Under this arrangement, the Defendants relied on Sodexo Corporation employee Mohammed El Mindari to oversee Brockton Hospital's Interpreter Services Department.

36. Mr. El Mindari is in his early thirties and does not speak any of the main languages (Spanish, Portuguese, Haitian Creole, Cape Verdean Creole, and American Sign

Language) that Signature Healthcare Brockton's Interpreter Services Department primarily addresses, nor does he have experience in interpreter services.

37.   The Plaintiff, Maria daCosta, returned to work on December 27, 2017 fully qualified and capable of performing the essential functions of her job, without accommodation.

38.   When the Plaintiff, Maria daCosta, returned from medical leave, the hospital management treated her differently.  Upon her return, the Vice President of Operations, Steven Borges, repeatedly (a) questioned her work, without cause, when she was meeting her goals; (b) cut her off as she answered his questions; (c) continued to express impatience with her when she was unable to hide her discomfort from her back condition; and (d) otherwise subjected her to adverse and unfair treatment.

39.   When the Plaintiff, Maria daCosta, returned from medical leave in December 2017, she resumed performing the duties of the position of Manager, Interpreter Services.

40.   Despite the smooth operation of the Interpreter Services Department under the Plaintiff, Maria daCosta's management, Mr. Borges permitted the inexperienced Mr. El Mindari to make significant changes to her department during her temporary absence.  In approximately January or February of 2018, Mr. Borges and Mr. El Mindari met with the Plaintiff, Maria daCosta, and urged her to leave those changes in place.  In permitting Mr. Borges to do so, the Defendants demeaned and marginalized the Plaintiff, Maria daCosta.

41.   After the Plaintiff, Maria daCosta's return from medical leave, her employers unfairly denied her a pay increase, stating in her January 8, 2018 performance evaluation, "Manager was on an intermittent, and then a full leave for much of FY 2017 (due to injury in early December of 2016), making a full evaluation difficult for FY 2017.  Given the circumstances of this year, no increase has been processed – Maria will be eligible for

an increase on the following evaluation, in December 2018."

42.  Brockton Hospital is managed by Kim Hollon, its Caucasian male President and Chief
     Executive Officer, who is from Alabama and attended the University of Alabama,
     Birmingham.  Mr. Hollon has built a white male leadership circle at Brockton Hospital,
     by recruiting other non-Portuguese Caucasian males from the University of Alabama,
     Birmingham to fill management positions.

43.  In April 2019, the Defendants reassigned the Plaintiff, Maria daCosta, to report to Taylor
     Stanley, a non-Portuguese Caucasian male intern from University of Alabama,
     Birmingham who was assigned to Brockton Hospital's Administration Department.

44.  Mr. Stanley is in his mid-twenties.

45.  To the Plaintiff, Maria daCosta's knowledge, Mr. Stanley is a monolingual English
     speaker.  When he was assigned to supervise the Plaintiff, Maria daCosta, Mr. Stanley
     had no experience with interpreter services; he had no apparent knowledge of the
     languages and cultures the interpreter services department supports; and he was unable to
     provide her with meaningful oversight in her position.  The Plaintiff, Maria daCosta,
     repeatedly had to interrupt her work to explain the functions of the interpreter services
     department to Mr. Stanley.

46.  The Defendants diminished the Plaintiff, Maria daCosta's role at the hospital when they
     reassigned her so that she no longer reported to a senior-level manager and instead
     reported to an intern.

47.  The Plaintiff, Maria daCosta, found Mr. Stanley's appointment as her supervisor
     demeaning, given his lack of experience and position as an intern.

48.  On July 16, 2019, Elena Ceurvels-Murphy from Brockton Hospital's Human Resources

Department and Nick Colleran, Brockton Hospital's Executive Director of Operations,

met with the Plaintiff, Maria daCosta, to inform her that her employment was being

involuntarily terminated effective that day. They handed her a separation agreement

stating that her employment termination was as a result of a reduction in force. The

separation agreement stated her name and age and identified her as the only person in the

Interpreter Services Department being terminated. The separation agreement did not list

the names or ages of the employees who were not selected for layoff.

49.    Despite the Plaintiff, Maria daCosta's extensive experience and competent work

performance and the availability of positions for which she was qualified, Brockton

Hospital did not offer her an opportunity to stay on as an interpreter or in any other role

and, instead, escorted her out of the hospital.

50.    With the Plaintiff, Maria daCosta's departure, Brockton Hospital has again assigned

Mohammed El Mindari, a substantially younger man in his early thirties, who has no

known or perceived disability/handicap, and who is not of Portuguese descent and does

not have any relevant language skills, to replace her by overseeing Interpreter Services.

51.    The actions taken by the Plaintiff, Maria daCosta's employers, Brockton Hospital, Inc.

and Signature Healthcare Corporation, as described above, including but not limited to

her employment termination, the denial of her pay increase, their unfair and demeaning

treatment of her, and the intern's assignment as her supervisor, were motivated by

unlawful discrimination/discriminatory animus based on her filing of a Worker's

Compensation claim pursuant to Massachusetts General Laws Chapter 152, her perceived

handicap/disability, her age (59), her gender (female), and her national origin as a

Portuguese woman, in violation of Massachusetts General Laws Chapters 151B and 152,

the ADA, the ADEA, and 42 U.S.C., § 2000e-2.

52.   The discriminatory actions taken by the Plaintiff, Maria daCosta's employers, Brockton

Hospital, Inc. and Signature Healthcare Corporation, as described above, were of a

continuing nature and were part of an ongoing pattern of discriminatory conduct from

December 8, 2016 to July 16, 2019, which constituted a continuing violation of

Massachusetts General Laws Chapter 151B, within the meaning of 804 C.M.R., §

1.04(4)(b).

53.   As a result of the Plaintiff, Maria daCosta's employment termination and her employers'

earlier unfair denial of an earned raise to her, she is unemployed and has suffered and

continues to suffer a substantial loss of income and benefits.

54.   As a result of the Defendants, Brockton Hospital, Inc. and Signature Healthcare

Corporation's discriminatory conduct against the Plaintiff, Maria daCosta, she has

suffered and continues to suffer severe emotional distress, for which she has received

counseling and has been caused to incur counseling expenses.

55.   In connection with her severe emotional distress, the Plaintiff, Maria daCosta, has

suffered physical symptoms, including but not limited to loss of sleep and significant

fluctuations in her appetite and weight.

56.   As a result of the Defendants, Brockton Hospital, Inc. and Signature Healthcare

Corporation's discriminatory conduct against the Plaintiff, Maria daCosta, she required

the assistance of legal counsel, hired attorneys, and incurred substantial, reasonable legal

fees.

57.   The Defendants, Brockton Hospital, Inc. and Signature Healthcare Corporation's

discriminatory conduct, as described herein, was outrageous and egregious and the

Defendants engaged in such conduct willfully and with knowledge or reason to know that their actions violated the law.

## COUNT I - DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF G.L. CHAPTER 151B §4(1B) BY BROCKTON HOSPITAL, INC.

58. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 57 of the Complaint.

59. Massachusetts General Laws Chapter 151B §4(1B) provides that it is unlawful for an employer or its agent to discriminate against an employee aged forty or older in compensation or other terms, conditions and privileges of employment or to discharge her from employment, because of her age.

60. The Defendant Brockton Hospital, Inc. owed a duty to its employees aged forty and older, including the Plaintiff, not to discriminate against them on the basis of age.

61. The Defendant Brockton Hospital, Inc. breached its duty to the Plaintiff and violated the provisions of G.L. c. 151B, § 4(1B) by discharging her from employment, replacing her with a significantly younger worker, and otherwise discriminating against her, on the basis of her age, which was 59 at the time of her employment termination.

62. The Defendant Brockton Hospital, Inc. further breached its duty to the Plaintiff and violated the provisions of G.L. c. 151B, § 4(1B) by subjecting the Plaintiff to unfavorable disparate treatment in the terms and conditions of her employment, due to her age.

63. The Defendant Brockton Hospital, Inc.'s conduct, as described herein, further violated the Age Discrimination in Employment Act (the "ADEA").

64. As a direct and proximate result of the continued unfavorable disparate treatment to which the Defendant Brockton Hospital, Inc. subjected the Plaintiff due to her age, the

Plaintiff suffered and continues to suffer a loss of employment and lost wages and benefits, for which she is entitled to relief.

65.   As a direct and proximate result of the continued unfavorable disparate treatment to which the Defendant Brockton Hospital, Inc. subjected the Plaintiff due to her age, the Plaintiff (a) suffered and continues to suffer severe emotional distress, including mental anguish, humiliation and anxiety, and other injuries for which she required counseling; and (b) incurred expenses, including counseling expenses, for which she is entitled to relief.

66.   As a direct and proximate result of the continued unfavorable disparate treatment to which the Defendant Brockton Hospital, Inc. subjected the Plaintiff due to her age, the Plaintiff had to file both a claim before the Massachusetts Commission Against Discrimination and this civil action and has incurred reasonable attorneys' fees and costs, for which she is entitled to relief.

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant Brockton Hospital, Inc. for full and substantial damages, including but not limited to, (1) compensatory damages, including lost benefits and lost wages comprising of both back pay and front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, damages for her counseling expenses and other expenses, and all other such damages as may be permitted; (2) multiple damages; (3) liquidated damages; (4) exemplary and punitive damages; (5) interest from the time of the injuries until the time of the filing of the claims in this matter; (6) interest from the time of the filing of this claim until the date of judgment; (7) reasonable attorneys' fees and costs; (8) reinstatement to her chosen

position as Manager, Interpreter Services at Brockton Hospital and other appropriate equitable

and injunctive relief; and (9) such other relief as may be just and appropriate.

## COUNT II – DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF G.L. CHAPTER 151B §4(1B) BY SIGNATURE HEALTHCARE CORPORATION

67. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 66

of the Complaint.

68. Massachusetts General Laws Chapter 151B §4(1B) provides that it is unlawful for an

employer or its agent to discriminate against an employee aged forty or older in

compensation or other terms, conditions and privileges of employment or to discharge

her from employment, because of her age.

69. The Defendant Signature Healthcare Corporation owed a duty to its employees aged forty

and older, including the Plaintiff, not to discriminate against them on the basis of age.

70. The Defendant Signature Healthcare Corporation breached its duty to the Plaintiff and

violated the provisions of G.L. c. 151B, § 4(1B) by discharging her from employment,

replacing her with a significantly younger worker, and otherwise discriminating against

her, on the basis of her age, which was 59 at the time of her employment termination.

71. The Defendant Signature Healthcare Corporation further breached its duty to the Plaintiff

and violated the provisions of G.L. c. 151B, § 4(1B) by subjecting the Plaintiff to

unfavorable disparate treatment in the terms and conditions of her employment, due to

her age.

72. The Defendant Signature Healthcare Corporation's conduct, as described herein, further

violated the Age Discrimination in Employment Act (the "ADEA").

73. As a direct and proximate result of the continued unfavorable disparate treatment to

which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her

age, the Plaintiff suffered and continues to suffer a loss of employment and lost wages and benefits, for which she is entitled to relief.

74. As a direct and proximate result of the continued unfavorable disparate treatment to which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her age, the Plaintiff (a) suffered and continues to suffer severe emotional distress, including mental anguish, humiliation and anxiety, and other injuries for which she required counseling; and (b) incurred expenses, including counseling expenses, for which she is entitled to relief.

75. As a direct and proximate result of the continued unfavorable disparate treatment to which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her age, the Plaintiff had to file both a claim before the Massachusetts Commission Against Discrimination and this civil action and has incurred reasonable attorneys' fees and costs, for which she is entitled to relief.

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant Signature Healthcare Corporation for full and substantial damages, including but not limited to, (1) compensatory damages, including lost benefits and lost wages comprising of both back pay and front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, damages for her counseling expenses and other expenses, and all other such damages as may be permitted; (2) multiple damages; (3) liquidated damages; (4) exemplary and punitive damages; (5) interest from the time of the injuries until the time of the filing of the claims in this matter; (6) interest from the time of the filing of this claim until the date of judgment; (7) reasonable attorneys' fees and costs; (8) reinstatement to her chosen

position as Manager, Interpreter Services at Brockton Hospital and other appropriate equitable and injunctive relief; and (9) such other relief as may be just and appropriate.

## COUNT III - DISCRIMINATION ON THE BASIS OF HANDICAP/DISABILITY IN VIOLATION OF G.L. CHAPTER 151B §4(16) BY BROCKTON HOSPITAL, INC.

76.   The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 75 of the Complaint.

77.   Massachusetts General Laws Chapter 151B §4(16) provides that it is unlawful for an employer or its agent, because of an employee's handicap/disability or perceived handicap/disability, to dismiss from employment or otherwise discriminate against a qualified handicapped/disabled person or qualified person who is regarded as a handicapped/disabled person, who is capable of performing the essential functions of her position with or without any reasonable accommodation that does not cause undue hardship to the employer's business.

78.   Pursuant to Massachusetts General Laws Chapter 152, § 75B(1), an employee who sustains a work-related injury and is capable of performing the essential functions of her job with or without reasonable accommodation(s) is a qualified handicapped person under the provisions of Massachusetts General Laws Chapter 151B.

79.   With her back impairment, the Plaintiff is a qualified handicapped person within the meaning of Massachusetts General Laws Chapter 151B §(1)(16), (17) who, at all times relevant hereto, has had a physical impairment that substantially limits one or more of her major life activities or has been regarded as having such an impairment.

80.   At all times relevant hereto, the Plaintiff has been fully qualified to be a Manager of Interpreter Services.

81.   At all times relevant hereto, the Plaintiff has been capable of performing the essential functions of her position as Manager, Interpreter Services with or without any reasonable accommodation that does not cause undue hardship to the Defendant Brockton Hospital, Inc.'s business.

82.   The Defendant Brockton Hospital, Inc. owed a duty to its employees who are qualified handicapped/disabled persons, like the Plaintiff, not to discriminate against them on the basis of handicap/disability.

83.   The Defendant Brockton Hospital, Inc. breached its duty to the Plaintiff and violated the provisions of G.L. c. 151B, § 4(16) by discharging her from employment, and otherwise discriminating against her on the basis of her handicap/disability or perceived handicap/disability, at the time of her employment termination.

84.   The Defendant Brockton Hospital, Inc. further breached its duty to the Plaintiff and violated the provisions of G.L. c. 151B, § 4(16) by subjecting the Plaintiff to unfavorable disparate treatment in the terms and conditions of her employment, due to her handicap/disability or perceived handicap/disability.

85.   The Defendant Brockton Hospital, Inc.'s conduct, as described herein, further violated the Americans with Disabilities Act (the "ADA").

86.   As a direct and proximate result of the continued unfavorable disparate treatment to which the Defendant Brockton Hospital, Inc. subjected the Plaintiff due to her handicap/disability or perceived handicap/disability, the Plaintiff suffered and continues to suffer a loss of employment and lost wages and benefits, for which she is entitled to relief.

87.  As a direct and proximate result of the continued unfavorable disparate treatment to which the Defendant Brockton Hospital, Inc. subjected the Plaintiff due to her handicap/disability or perceived handicap/disability, the Plaintiff suffered and continues to suffer severe emotional distress, including mental anguish, humiliation and anxiety, and other injuries for which she required counseling and incurred counseling expenses, for which she is entitled to relief.

88.  As a direct and proximate result of the continued unfavorable disparate treatment to which the Defendant Brockton Hospital, Inc. subjected the Plaintiff due to her handicap/disability or perceived handicap/disability, the Plaintiff had to file both a claim before the Massachusetts Commission Against Discrimination and this civil action and has incurred reasonable attorneys' fees and costs.

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant Brockton Hospital, Inc. for full and substantial damages, including but not limited to, (1) compensatory damages, including lost benefits and lost wages comprising of both back pay and front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, damages for her counseling expenses and other expenses, and all other such damages as may be permitted; (2) multiple damages; (3) liquidated damages; (4) exemplary and punitive damages; (5) interest from the time of the injuries until the time of the filing of the claims in this matter; (6) interest from the time of the filing of this claim until the date of judgment; (7) reasonable attorneys' fees and costs; (8) reinstatement to her chosen position as Manager, Interpreter Services at Brockton Hospital and other appropriate equitable and injunctive relief; and (9) such other relief as may be just and appropriate.

**COUNT IV - DISCRIMINATION ON THE BASIS OF HANDICAP/DISABILITY IN VIOLATION OF G.L. CHAPTER 151B §4(16) BY SIGNATURE HEALTHCARE CORPORATION**

89.   The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 88 of the Complaint.

90.   Massachusetts General Laws Chapter 151B §4(16) provides that it is unlawful for an employer or its agent, because of an employee's handicap/disability or perceived handicap/disability, to dismiss from employment or otherwise discriminate against a qualified handicapped/disabled person or qualified person who is regarded as a handicapped/disabled person, who is capable of performing the essential functions of her position with or without any reasonable accommodation that does not cause undue hardship to the employer's business.

91.   Under Massachusetts General Laws Chapter 152, § 75B(1), an employee who sustains a work-related injury and is capable of performing the essential functions of her job with or without reasonable accommodation(s) is a qualified handicapped person under the provisions of Massachusetts General Laws Chapter 151B.

92.   With her back impairment, the Plaintiff is a qualified handicapped person within the meaning of Massachusetts General Laws Chapter 151B §(1)(16), (17) who, at all times relevant hereto, has had a physical impairment that substantially limits one or more of her major life activities or has been regarded as having such an impairment.

93.   At all times relevant hereto, the Plaintiff has been fully qualified to be a Manager of Interpreter Services.

94.   At all times relevant hereto, the Plaintiff has been capable of performing the essential functions of her position as Manager, Interpreter Services with or without any reasonable

accommodation that does not cause undue hardship to the Defendant Signature
Healthcare Corporation's business.

95. The Defendant Signature Healthcare Corporation owed a duty to its employees who are
qualified handicapped/disabled persons, like the Plaintiff, not to discriminate against
them on the basis of handicap/disability.

96. The Defendant Signature Healthcare Corporation breached its duty to the Plaintiff and
violated the provisions of G.L. c. 151B, § 4(16) by discharging her from employment,
and otherwise discriminating against her on the basis of her handicap/disability or
perceived handicap/disability, at the time of her employment termination.

97. The Defendant Signature Healthcare Corporation further breached its duty to the Plaintiff
and violated the provisions of G.L. c. 151B, § 4(16) by subjecting the Plaintiff to
unfavorable disparate treatment in the terms and conditions of her employment, due to
her handicap/disability or perceived handicap/disability.

98. The Defendant Signature Healthcare Corporation's conduct, as described herein, further
violated the Americans with Disabilities Act (the "ADA").

99. As a direct and proximate result of the continued unfavorable disparate treatment to
which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her
handicap/disability or perceived handicap/disability, the Plaintiff suffered and continues
to suffer a loss of employment and lost wages and benefits, for which she is entitled to
relief.

100. As a direct and proximate result of the continued unfavorable disparate treatment to
which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her
handicap/disability or perceived handicap/disability, the Plaintiff suffered and continues

to suffer severe emotional distress, including mental anguish, humiliation and anxiety, and other injuries for which she required counseling and incurred counseling expenses, for which she is entitled to relief.

101.    As a direct and proximate result of the continued unfavorable disparate treatment to which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her handicap/disability or perceived handicap/disability, the Plaintiff had to file both a claim before the Massachusetts Commission Against Discrimination and this civil action and has incurred reasonable attorneys' fees and costs.

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant Signature Healthcare Corporation for full and substantial damages, including but not limited to, (1) compensatory damages, including lost benefits and lost wages comprising of both back pay and front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, damages for her counseling expenses and other expenses, and all other such damages as may be permitted; (2) multiple damages; (3) liquidated damages; (4) exemplary and punitive damages; (5) interest from the time of the injuries until the time of the filing of the claims in this matter; (6) interest from the time of the filing of this claim until the date of judgment; (7) reasonable attorneys' fees and costs; (8) reinstatement to her chosen position as Manager, Interpreter Services at Brockton Hospital and other appropriate equitable and injunctive relief; and (9) such other relief as may be just and appropriate.

**COUNT V - VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 152, SECTION 75B(2) BY BROCKTON HOSPITAL, INC.**

102.    The Plaintiff hereby incorporates by reference Paragraphs 1 through 101 above herein.

103.    The Defendant Brockton Hospital, Inc. was either an employer of the Plaintiff or an agent of the Plaintiff's employer, Signature Healthcare Corporation.

104.   The Defendant Brockton Hospital, Inc. discriminated against the Plaintiff for exercising

rights afforded by Mass. Gen. L. c 152, when it denied her a pay increase, terminated her

employment, and otherwise retaliated against her for filing a Workers' Compensation

claim and collecting Workers' Compensation benefits.

105.   The Defendant Brockton Hospital, Inc.'s actions, as the Plaintiff's employer and/or as a

duly authorized agent of Signature Healthcare Corporation, in denying the Plaintiff a pay

increase, discharging the Plaintiff from employment, and otherwise retaliating against the

Plaintiff for exercising rights afforded by Massachusetts General Laws Chapter 152,

including filing a Workers' Compensation claim and collecting Workers' Compensation

benefits, constitute a violation of Massachusetts General Laws, Chapter 152, Section

75B(2), which states:

"No employer or duly authorized agent of an employer shall discharge, refuse to hire or

in any other manner discriminate against an employee because the employee has

exercised a right afforded by this chapter . . ."

106.   As a direct and proximate result of the Defendant Brockton Hospital, Inc.'s actions in

denying the Plaintiff a pay increase, discharging the Plaintiff from her employment, and

otherwise discriminating and retaliating against the Plaintiff for exercising rights afforded

by Massachusetts General Laws Chapter 152, the Plaintiff has suffered and continues to

suffer a loss of weekly earnings, a loss of employee benefits, and severe mental anguish

and emotional distress.  Further, the Plaintiff has incurred attorneys' fees and costs.

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant

Brockton Hospital, Inc. for full and substantial damages, including but not limited to, lost wages

and benefits and a suitable job with the Defendant Brockton Hospital, Inc. or the Defendant

Signature Healthcare Corporation; reimbursement for her reasonable attorneys' fees and costs incurred in the protection of her rights under Massachusetts General Laws Chapter 152, Section 75B(2); whatever equitable relief the Court deems necessary to protect the Plaintiff's rights under Massachusetts General Laws Chapter 152, Section 75B; and such other relief as may be just and appropriate.

## COUNT VI - VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 152, SECTION 75B(2) BY SIGNATURE HEALTHCARE CORPORATION

107.   The Plaintiff hereby incorporates by reference Paragraphs 1 through 106 above herein.

108.   The Defendant Signature Healthcare Corporation was either an employer of the Plaintiff or an agent of the Plaintiff's employer, Brockton Hospital, Inc.

109.   The Defendant Signature Healthcare Corporation discriminated against the Plaintiff for exercising rights afforded by Mass. Gen. L. c 152, when it denied her a pay increase, terminated her employment, and otherwise retaliated against her for filing a Workers' Compensation claim and collecting Workers' Compensation benefits.

110.   The Defendant Signature Healthcare Corporation's actions, as the Plaintiff's employer and/or as a duly authorized agent of Brockton Hospital, Inc., in denying the Plaintiff a pay increase, discharging the Plaintiff from employment, and otherwise retaliating against the Plaintiff for exercising rights afforded by Massachusetts General Laws Chapter 152, including filing a Workers' Compensation claim and collecting Workers' Compensation benefits, constitute a violation of Massachusetts General Laws, Chapter 152, Section 75B(2), which states:

"No employer or duly authorized agent of an employer shall discharge, refuse to hire or in any other manner discriminate against an employee because the employee has exercised a right afforded by this chapter . . ."

111.   As a direct and proximate result of the Defendant Signature Healthcare Corporation's actions in denying the Plaintiff a pay increase, discharging the Plaintiff from her employment, and otherwise discriminating and retaliating against the Plaintiff for exercising rights afforded by Massachusetts General Laws Chapter 152, the Plaintiff has suffered and continues to suffer a loss of weekly earnings, a loss of employee benefits, and severe mental anguish and emotional distress.  Further, the Plaintiff has incurred attorneys' fees and costs.

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant Signature Healthcare Corporation for full and substantial damages, including but not limited to, lost wages and benefits and a suitable job with the Defendant Signature Healthcare Corporation or the Defendant Brockton Hospital, Inc.; reimbursement for her reasonable attorneys' fees and costs incurred in the protection of her rights under Massachusetts General Laws Chapter 152, Section 75B(2); whatever equitable relief the Court deems necessary to protect the Plaintiff's rights under Massachusetts General Laws Chapter 152, Section 75B; and such other relief as may be just and appropriate.

## COUNT VII – SEX/GENDER DISCRIMINATION IN VIOLATION OF G.L. CHAPTER 151B §4(1) BY BROCKTON HOSPITAL, INC.

112.   The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 111 of the Complaint.

113.   Massachusetts General Laws Chapter 151B § 4(1) provides that it is unlawful for an employer or its agent to discharge or otherwise discriminate against an employee in compensation or in terms, conditions or privileges of employment because of the employee's sex.

114.  The Defendant Brockton Hospital, Inc. owed a duty to its employees, including the
      Plaintiff, not to discharge or otherwise discriminate against them on the basis of
      sex/gender.

115.  The Defendant Brockton Hospital, Inc. breached its duty to the Plaintiff and violated the
      provisions of G.L. c. 151B, § 4(1) by discharging her from employment, and otherwise
      discriminating against her on the basis of her female sex/gender.

116.  The Defendant Brockton Hospital, Inc. further breached its duty to the Plaintiff and
      violated the provisions of G.L. c. 151B, § 4(1) by subjecting the Plaintiff to unfavorable
      disparate treatment in the terms and conditions of her employment, due to her female
      sex/gender.

117.  The Defendant Brockton Hospital, Inc.'s conduct, as described herein, further violated 42
      U.S.C., § 2000e-2.

118.  As a direct and proximate result of the continued unfavorable disparate treatment and
      employment discharge to which the Defendant Brockton Hospital, Inc. subjected the
      Plaintiff due to her sex, the Plaintiff suffered and continues to suffer a loss of
      employment and lost wages and benefits, for which she is entitled to relief.

119.  As a direct and proximate result of the continued unfavorable disparate treatment and
      employment discharge to which the Defendant Brockton Hospital, Inc. subjected the
      Plaintiff due to her sex, the Plaintiff suffered and continues to suffer severe emotional
      distress, including mental anguish, humiliation and anxiety, and other injuries for which
      she required counseling and incurred counseling expenses, for which she is entitled to
      relief.

120.   As a direct and proximate result of the continued unfavorable disparate treatment to which the Defendant Brockton Hospital, Inc. subjected the Plaintiff due to her sex, the Plaintiff had to file both a claim before the Massachusetts Commission Against Discrimination and this civil action and has incurred reasonable attorneys' fees and costs.

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant Brockton Hospital, Inc. for full and substantial damages, including but not limited to, (1) compensatory damages, including lost benefits and lost wages comprising of both back pay and front pay, damages for emotional pain and suffering and mental anguish, damages for humiliation and emotional distress, damages for her counseling expenses and other expenses, and all other such damages as may be permitted; (2) multiple damages; (3) liquidated damages; (4) exemplary and punitive damages; (5) interest from the time of the injuries until the time of the filing of the claims in this matter; (6) interest from the time of the filing of this claim until the date of judgment; (7) reasonable attorneys' fees and costs; (8) reinstatement to her chosen position as Manager, Interpreter Services at Brockton Hospital and other appropriate equitable and injunctive relief; and (9) such other relief as may be just and appropriate.

## COUNT VIII – SEX/GENDER DISCRIMINATION IN VIOLATION OF G.L. CHAPTER 151B §4(1) BY SIGNATURE HEALTHCARE CORPORATION

121.   The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 120 of the Complaint.

122.   Massachusetts General Laws Chapter 151B § 4(1) provides that it is unlawful for an employer or its agent to discharge or otherwise discriminate against an employee in compensation or in terms, conditions or privileges of employment because of the employee's sex.

123.   The Defendant Signature Healthcare Corporation owed a duty to its employees, including the Plaintiff, not to discharge or otherwise discriminate against them on the basis of sex/gender.

124.   The Defendant Signature Healthcare Corporation breached its duty to the Plaintiff and violated the provisions of G.L. c. 151B, § 4(1) by discharging her from employment, and otherwise discriminating against her on the basis of her female sex/gender.

125.   The Defendant Signature Healthcare Corporation further breached its duty to the Plaintiff and violated the provisions of G.L. c. 151B, § 4(1) by subjecting the Plaintiff to unfavorable disparate treatment in the terms and conditions of her employment, due to her female sex/gender.

126.   The Defendant Signature Healthcare Corporation's conduct, as described herein, further violated 42 U.S.C., § 2000e-2.

127.   As a direct and proximate result of the continued unfavorable disparate treatment and employment discharge to which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her sex, the Plaintiff suffered and continues to suffer a loss of employment and lost wages and benefits, for which she is entitled to relief.

128.   As a direct and proximate result of the continued unfavorable disparate treatment and employment discharge to which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her sex, the Plaintiff suffered and continues to suffer severe emotional distress, including mental anguish, humiliation and anxiety, and other injuries for which she required counseling and incurred counseling expenses, for which she is entitled to relief.

129.    As a direct and proximate result of the continued unfavorable disparate treatment to
which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her
sex, the Plaintiff had to file both a claim before the Massachusetts Commission Against
Discrimination and this civil action and has incurred reasonable attorneys' fees and costs.

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant
Signature Healthcare Corporation for full and substantial damages, including but not limited to,
(1) compensatory damages, including lost benefits and lost wages comprising of both back pay
and front pay, damages for emotional pain and suffering and mental anguish, damages for
humiliation and emotional distress, damages for her counseling expenses and other expenses, and
all other such damages as may be permitted; (2) multiple damages; (3) liquidated damages; (4)
exemplary and punitive damages; (5) interest from the time of the injuries until the time of the
filing of the claims in this matter; (6) interest from the time of the filing of this claim until the
date of judgment; (7) reasonable attorneys' fees and costs; (8) reinstatement to her chosen
position as Manager, Interpreter Services at Brockton Hospital and other appropriate equitable
and injunctive relief; and (9) such other relief as may be just and appropriate.

## COUNT IX – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF G.L. CHAPTER 151B §4(1) BY BROCKTON HOSPITAL, INC.

130.    The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 129
of the Complaint.

131.    Massachusetts General Laws Chapter 151B § 4(1) provides that it is unlawful for an
employer or its agent to discharge or otherwise discriminate against an employee in
compensation or in terms, conditions or privileges of employment because of the
employee's national origin.

132.   The Defendant Brockton Hospital, Inc. owed a duty to its employees, including the
Plaintiff, not to discharge or otherwise discriminate against them on the basis of national
origin.

133.   The Defendant Brockton Hospital, Inc. breached its duty to the Plaintiff and violated the
provisions of G.L. c. 151B, § 4(1) by discharging her from employment, and otherwise
discriminating against her because she is a Portuguese woman.

134.   The Defendant Brockton Hospital, Inc. further breached its duty to the Plaintiff and
violated the provisions of G.L. c. 151B, § 4(1) by subjecting the Plaintiff to unfavorable
disparate treatment in the terms and conditions of her employment, because she is a
Portuguese woman.

135.   The Defendant Brockton Hospital, Inc.'s conduct, as described herein, further violated 42
U.S.C., § 2000e-2.

136.   As a direct and proximate result of the continued unfavorable disparate treatment and
employment discharge to which the Defendant Brockton Hospital, Inc. subjected the
Plaintiff due to her national origin, the Plaintiff suffered and continues to suffer a loss of
employment and lost wages and benefits, for which she is entitled to relief.

137.   As a direct and proximate result of the continued unfavorable disparate treatment and
employment discharge to which the Defendant Brockton Hospital, Inc. subjected the
Plaintiff due to her national origin, the Plaintiff suffered and continues to suffer severe
emotional distress, including mental anguish, humiliation and anxiety, and other injuries
for which she required counseling and incurred counseling expenses, for which she is
entitled to relief.

138.   As a direct and proximate result of the continued unfavorable disparate treatment to

which the Defendant Brockton Hospital, Inc. subjected the Plaintiff due to her national

origin, the Plaintiff had to file both a claim before the Massachusetts Commission

Against Discrimination and this civil action and has incurred reasonable attorneys' fees

and costs.

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant

Brockton Hospital, Inc. for full and substantial damages, including but not limited to, (1)

compensatory damages, including lost benefits and lost wages comprising of both back pay and

front pay, damages for emotional pain and suffering and mental anguish, damages for

humiliation and emotional distress, damages for her counseling expenses and other expenses, and

all other such damages as may be permitted; (2) multiple damages; (3) liquidated damages; (4)

exemplary and punitive damages; (5) interest from the time of the injuries until the time of the

filing of the claims in this matter; (6) interest from the time of the filing of this claim until the

date of judgment; (7) reasonable attorneys' fees and costs; (8) reinstatement to her chosen

position as Manager, Interpreter Services at Brockton Hospital and other appropriate equitable

and injunctive relief; and (9) such other relief as may be just and appropriate.

## COUNT X – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF G.L. CHAPTER 151B §4(1) BY SIGNATURE HEALTHCARE CORPORATION

139.   The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 138

of the Complaint.

140.   Massachusetts General Laws Chapter 151B § 4(1) provides that it is unlawful for an

employer or its agent to discharge or otherwise discriminate against an employee in

compensation or in terms, conditions or privileges of employment because of the

employee's national origin.

141. The Defendant Signature Healthcare Corporation owed a duty to its employees, including the Plaintiff, not to discharge or otherwise discriminate against them on the basis of national origin.

142. The Defendant Signature Healthcare Corporation breached its duty to the Plaintiff and violated the provisions of G.L. c. 151B, § 4(1) by discharging her from employment, and otherwise discriminating against her because she is a Portuguese woman.

143. The Defendant Signature Healthcare Corporation further breached its duty to the Plaintiff and violated the provisions of G.L. c. 151B, § 4(1) by subjecting the Plaintiff to unfavorable disparate treatment in the terms and conditions of her employment, because she is a Portuguese woman.

144. The Defendant Signature Healthcare Corporation's conduct, as described herein, further violated 42 U.S.C., § 2000e-2.

145. As a direct and proximate result of the continued unfavorable disparate treatment and employment discharge to which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her national origin, the Plaintiff suffered and continues to suffer a loss of employment and lost wages and benefits, for which she is entitled to relief.

146. As a direct and proximate result of the continued unfavorable disparate treatment and employment discharge to which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her national origin, the Plaintiff suffered and continues to suffer severe emotional distress, including mental anguish, humiliation and anxiety, and other injuries for which she required counseling and incurred counseling expenses, for which she is entitled to relief.

147.   As a direct and proximate result of the continued unfavorable disparate treatment to

which the Defendant Signature Healthcare Corporation subjected the Plaintiff due to her

national origin, the Plaintiff had to file both a claim before the Massachusetts

Commission Against Discrimination and this civil action and has incurred reasonable

attorneys' fees and costs.

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant

Signature Healthcare Corporation for full and substantial damages, including but not limited to,

(1) compensatory damages, including lost benefits and lost wages comprising of both back pay

and front pay, damages for emotional pain and suffering and mental anguish, damages for

humiliation and emotional distress, damages for her counseling expenses and other expenses, and

all other such damages as may be permitted; (2) multiple damages; (3) liquidated damages; (4)

exemplary and punitive damages; (5) interest from the time of the injuries until the time of the

filing of the claims in this matter; (6) interest from the time of the filing of this claim until the

date of judgment; (7) reasonable attorneys' fees and costs; (8) reinstatement to her chosen

position as Manager, Interpreter Services at Brockton Hospital and other appropriate equitable

and injunctive relief; and (9) such other relief as may be just and appropriate.

**THE PLAINTIFF REQUESTS A JURY TRIAL ON ALL COUNTS SO TRIABLE.**

MARIA DACOSTA,
By her Attorney,

Scott W. Lang, Esquire   BBO #285720
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA  02740
(508) 992-1270
swlang@lxblaw.com

Dated:  July 28, 2020

## VERIFICATION

I, the Plaintiff, Maria daCosta, have read the factual allegations of the foregoing complaint and verify, under the penalties of perjury, that based on my personal knowledge, the factual allegations are true and accurate.

Further, I verify that I am familiar with any exhibits to the complaint and that the exhibits are a true and accurate copy of the record of the proceedings.

_Maria da Costa_
Maria daCosta

Dated: July ___14___, 2020

### COMMONWEALTH OF MASSACHUSETTS

Bristol, ss.

On this ___14th___ day of July, 2020 before me, the undersigned, notary public, personally appeared Maria daCosta, proved to me through satisfactory evidence of identification, which was a Massachusetts Driver's license, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

_Susan Forgue Weiner_
Notary Public

SUSAN FORGUE WEINER
Notary Public
Commonwealth of Massachusetts
My Commission Expires
July 16, 2021

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | | **COUNTY** |
|---|---|---|
| **PLAINTIFF(S):** | Maria daCosta | Bristol |
| ADDRESS: | 84 Forest Avenue, Somerset, MA  02726 | |

**DEFENDANT(S):** Brockton Hospital, Inc. d/b/a Signature Healthcare Brockton Hospital

and Signature Healthcare Corporation

| **ATTORNEY:** | Scott W. Lang, Esquire |
|---|---|
| ADDRESS: | Lang, Xifaras & Bullard |
| 115 Orchard Street, New Bedford, MA  02740 | |

ADDRESS: Brockton Hospital, Inc.: 680 Centre Street, Brockton, MA  02302

Signature Healthcare Corporation: 680 Centre Street, Brockton, MA  02302

BBO:        285720

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | [X] YES    [ ] NO |

***If "Other" please describe:**

Is there a claim under G.L. c. 93A?
[ ] YES   [X] NO

Is this a class action under Mass. R. Civ. P. 23?
[ ] YES   [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................ $_____
2. Total doctor expenses .............................................................. $_____
3. Total chiropractic expenses ...................................................... $_____
4. Total physical therapy expenses ............................................... $_____
5. Total other expenses (describe below) ...................................... $_____
                                                            Subtotal (A): $_____

B. Documented lost wages and compensation to date ......................... $82,000
C. Documented property damages to date ........................................ $_____
D. Reasonably anticipated future medical and hospital expenses ........... $_____
E. Reasonably anticipated lost wages ............................................. $250,000
F. Other documented items of damages (describe below) .................... $250,000
   Severe emotional distress accompanied by physical symptoms, including loss of sleep.

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
   Severe emotional distress accompanied by physical symptoms, including loss of sleep.

   Severe emotional distress accompanied by physical symptoms, including loss of sleep.

                                                    TOTAL (A-F):$582,000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

                                                    TOTAL: $_____

**Signature of Attorney/ Unrepresented Plaintiff: X**                    Date: 7/28/2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:  X**                               Date: 7/28/2020

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

AA1 Contract Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AC1 Real Property Action involving
    Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AE1 Administrative Action involving
    Commonwealth, Municipality, etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal
    Affairs of Entities (A)
BA3 Liability of Shareholders, Directors,
    Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of
    Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade
    Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade
    Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party †

PA1 Contract Action involving an
    Incarcerated Party (A)
PB1 Tortious Action involving an
    Incarcerated Party (A)
PC1 Real Property Action involving an
    Incarcerated Party (F)
PD1 Equity Action involving an
    Incarcerated Party (F)
PE1 Administrative Action involving an
    Incarcerated Party (A)

### TR Torts

B03 Motor Vehicle Negligence - Personal
    Injury/Property Damage (F)
B04 Other Negligence - Personal
    Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/
    Non-residential (F)

### RP Real Property

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (X)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
    G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (X)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149,
    §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court
    Commitment, G.L. c.123, § 9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only,
    G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | [X] YES    [ ] NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>**2073CV00488** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>DaCosta, Maria vs. Brockton Hospital, Inc doing business as Signature Healthcare Brockton Hospital et al | Marc J. Santos, Clerk of Court<br>Bristol County |
|---|---|
| TO: Brockton Hospital, Inc doing business as Signature Healthcare Br<br>680 Centre St.<br>Brockton, MA 02301 | COURT NAME & ADDRESS<br>Bristol County Superior Court - Taunton<br>9 Court Street, Rm 13<br>Taunton, MA 02780 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION
### DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/26/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 11/25/2020 | |
| All motions under MRCP 12, 19, and 20 | 11/25/2020 | 12/28/2020 | 01/25/2021 |
| All motions under MRCP 15 | 11/25/2020 | 12/28/2020 | 01/25/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/24/2021 | | |
| All motions under MRCP 56 | 06/23/2021 | 07/23/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/22/2021 |
| Case shall be resolved and judgment shall issue by | | | 07/28/2022 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>**07/28/2020** | ASSISTANT CLERK<br>**Garrett Fregault** | PHONE<br>**(508)823-6588** |
|---|---|---|

Date/Time Printed: 07-28-2020 14:51:08                                                                                          SCV026\ 08/2018

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>**2073CV00488** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| | |
|---|---|
| CASE NAME:<br>DaCosta, Maria vs. Brockton Hospital, Inc doing business as Signature Healthcare Brockton Hospital et al | Marc J. Santos, Clerk of Court<br>Bristol County |
| TO: Signature Healthcare Corporation<br>680 Centre St.<br>Brockton, MA 02301 | COURT NAME & ADDRESS<br>Bristol County Superior Court - Taunton<br>9 Court Street, Rm 13<br>Taunton, MA 02780 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION        DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/26/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 11/25/2020 | |
| All motions under MRCP 12, 19, and 20 | 11/25/2020 | 12/28/2020 | 01/25/2021 |
| All motions under MRCP 15 | 11/25/2020 | 12/28/2020 | 01/25/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/24/2021 | | |
| All motions under MRCP 56 | 06/23/2021 | 07/23/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/22/2021 |
| Case shall be resolved and judgment shall issue by | | | 07/28/2022 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/28/2020 | Garrett Fregault | (508)823-6588 |